```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------x
DAVID J. EDDIS,               :
                              :
          Plaintiff           :
                              :
     v.                       : CIVIL ACTION NO. 02-3604
                              :
UNITED STATES OF AMERICA,     :
                              :
                              :
          Defendant           :
------------------------------x
```

## FINAL PRETRIAL SUBMISSION

Pursuant to the Court's Order of March 3, 2003, the parties respectfully submit the following:

I. **APPLICABLE LAW**

Pennsylvania law provides the rule of decision in this case.

II. **STIPULATED FACTS**

1. The plaintiff herein is David J. Eddis. Mr. Eddis was born on April 13, 1925 and was seventy-four years old at the time of the incident.

2. The defendant herein is the United States of America.

3. On September 24, 1999, plaintiff underwent a routine colonoscopy performed by Dr. Thomas M. Judge at the Veterans Affairs Hospital, Philadelphia PA ("the subject procedure").

4. Prior to the subject procedure, plaintiff had had colonoscopies on an annual basis in each of the preceding four years.

5. On three of the four occasions, referred to

Paragraph 4, supra, at least one polyp was found and removed.

6. Plaintiff has a family history of colon cancer.

7. On two of the occasions, referred to Paragraph 4, supra, plaintiff signed a document, provided to him by the VA hospital, which discussed the risks associated with a colonoscopy, including perforation of the colon.

8. On the day of the subject procedure, plaintiff signed a document, provided to him by the VA hospital, which discussed the risks associated with a colonoscopy, including perforation of the colon.

9. During the subject procedure, Dr. Judge perforated plaintiff's colon.

10. As a result of the perforation, plaintiff was admitted to the VA Hospital immediately after the perforation on September 24, 1999 for a colostomy to repair the perforation.

11. Plaintiff was discharged from the VA Hospital on October 15, 1999.

12. On January 5, 2000, plaintiff entered Jeanne's Hospital for repair of the colostomy, referred to in Paragraph 10, supra.

13. Jeanne's is a private institution and not a Government hospital.

14. Plaintiff was discharged from Jeanne's Hospital on January 10, 2000.

15. On July 14, 2000, plaintiff entered Jeanne's Hospital for repair of a hernia at the site of the colostomy

incision.

16. Plaintiff was discharged from Jeanne's Hospital on July 14, 2000.

17. In January, 2000 and March, 2001, plaintiff underwent additional colonoscopies at a private facility.

18. Plaintiff complains of ongoing abdominal pain and discomfort.

III. DISPUTED FACTS

   A. Plaintiff

1. Dr. Judge did not discuss with plaintiff the risks associated with a colonoscopy prior to performing the procedure.

2. Had Dr. Judge disclosed the possibility that plaintiff's colon could be perforated during the scheduled colonoscopy and the medical consequences of such an injury, this information would have been a substantial factor in plaintiff's decision whether to undergo the scheduled colonoscopy.

3. The July 2000 surgery to repair plaintiff's incisional hernia was a direct and proximate result of plaintiff's perforated colon.

4. Plaintiff's continuing stomach and abdominal pain is a direct and proximate result of plaintiff's perforated colon.

5. Subsequent to his discharge from the VA Hospital, plaintiff has been unable to engage in various activities he engaged in prior the perforation of his colon.

   B. Defendant

1. Prior to the subject procedure, the attending

physician, Dr. Judge, discussed the risks of the procedure with plaintiff, and plaintiff was fully informed of those risks.

    2. Plaintiff consented to the procedure, because of his age, family history, and his own history of polyps, and because the importance of the procedure and the severity of the disease it is intended to detect outweighed the risks of the procedure.

    3. The risks of the procedure were not a substantial factor in plaintiff's decision to go forward with the procedure on September 24, 1999.

    4. Plaintiff's ongoing abdominal pain and discomfort are caused by medical problems unrelated to the colonoscopy, including ulcerative esophagitis, gastric ulcers, gastritis, erosive duodenitis, and diverticulosis.

    5. Plaintiff's incisional hernia was not caused by the perforation of his colon during the subject procedure, but rather inadequacies in the prepair of the colostomy at a private facility.

## IV. WITNESSES

### A. Plaintiff

    1. David J. Eddis.  Mr. Eddis will address his allegation of lack of informed consent and the injuries suffered as a result thereof.

    2. Joan Eddis, plaintiff's daughter-in-law, will testify to plaintiff's allegations of injuries.

    3. Jason D. Green, M.D.  Dr. Green is plaintiff's expert on the issue of plaintiff's injuries.

B. <u>Defendant</u>

1. Thomas M. Judge, M.D.  Dr. Judge performed the subject colonoscopy and will address matters pertaining to the issue of informed consent.

2. Debbie E. Schiller, M.D.  Dr. Schiller is the Government's expert and will address the issue of informed consent and plaintiff's allegations of injury.

Per the Court's Order of March 3, 2003, the trial is limited to one day.

V. <u>EXHIBITS</u>

A. <u>Plaintiff</u>

1. Plaintiff's medical records from the Veteran's Affairs Hospital in Philadelphia, PA, for plaintiff's hospitalization from September 24, 1999 through October 15, 1999.

2. Jeanne's Hospital Operation Record, January 5, 2000.

3. Robert Gastfriend, M.D., progress note, April 25, 2000.

4. Robert Gastfriend M.D., Report to Dr. Punjabi, May 3, 2000.

5. Robert Gastfriend, M.D., progress note, July 6, 2000.

6. Jeanne's Hospital History and Physical, July 14, 2000.

7. CV of Jason D. Green, M.D.

8. Jason D. Green Expert Report, December 17, 2002.

B. <u>Defendant</u>

    1. Request for Administration of Anesthesia and Performance of Operations and Other Procedures, January 16, 1996.

    2. Request for Administration of Anesthesia and Performance of Operations and Other Procedures, January 15, 1997.

    3. Request for Administration of Anesthesia and Performance of Operations and Other Procedures, September 24, 1999.

    4. Jeanne's Hospital, History and Physical, January 5, 2000.

    5. Jeanne's Hospital, Operation Record, July 14, 2000.

    6. Report of Consultation, Robert E. Moses, D.O., July 17, 2000.

    7. Debbie E. Schiller, M.D., Expert Report, November 7, 2003.

    8. Debbie E. Schiller, M.D., Supplemental Expert Report, February 17, 2003.

VI. <u>UNUSUAL ISSUES</u>

    N/A

VII. <u>MOTIONS IN LIMINE</u>

    Plaintiff will file a Motion in Limine seeking to exclude all evidence relating to any colonoscopy performed on plaintiff either prior to or subsequent to the colonoscopy of September 24, 1999.  The Government will file a brief in opposition.

_____
**DAVID S. DESSEN**
Dessen, Moses & Sheinoff
1814 Chestnut Street
Philadelphia PA 19103

Counsel for Plaintiff

**PATRICK L. MEEHAN**
United States Attorney

_____
**VIRGINIA A. GIBSON**
Assistant United States Attorney
Chief, Civil Division

_____
**RICHARD M. BERNSTEIN**
Assistant United States Attorney
615 Chestnut Street Suite 1250
Philadelphia PA 19106-4476

Counsel for Defendant