IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------x
DAVID J. EDDIS,               :
                              :
        Plaintiff             :
                              :
    v.                        : CIVIL ACTION NO. 02-3604
                              :
UNITED STATES OF AMERICA,     :
                              :
                              :
        Defendant             :
------------------------------x
```

### GOVERNMENT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

I. <u>PROPOSED FINDINGS OF FACT</u>

    1. The plaintiff herein is David J. Eddis. Mr. Eddis was born on April 13, 1925 and was seventy-four years old at the time of the incident.

    2. The defendant herein is the United States of America.

    3. On September 24, 1999, plaintiff underwent a routine colonoscopy performed by Dr. Thomas M. Judge at the Veterans Affairs Hospital, Philadelphia PA ("the subject procedure").

    4. Prior to the subject procedure, plaintiff had had colonoscopies on an annual basis in each of the preceding four years.

    5. On three of the four occasions, referred to Paragraph 4, <u>supra</u>, at least one polyp was found and removed.

    6. Plaintiff has a family history of colon cancer.

    7. On two of the occasions, referred to Paragraph 4, <u>supra</u>, plaintiff signed a document, provided to him by the VA hospital, which discussed the risks associated with a

colonoscopy, including perforation of the colon.

8. On the day of the subject procedure, plaintiff signed a document, provided to him by the VA hospital, which discussed the risks associated with a colonoscopy, including perforation of the colon.

9. Prior to the subject procedure, the attending physician, Dr. Judge, discussed the risks of the procedure with plaintiff, and plaintiff was fully informed of those risks.

10. Plaintiff consented to the procedure, because of his age, family history, and his own history of polyps, and because the importance of the procedure and the severity of the disease it is intended to detect outweighed the risks of the procedure.

11. The risks of the procedure were not a substantial factor in plaintiff's decision to go forward with the procedure on September 24, 1999.

12. During the subject procedure, Dr. Judge perforated plaintiff's colon.

13. As a result of the perforation, plaintiff was admitted to the VA Hospital immediately after the perforation on September 24, 1999 for a colostomy to repair the perforation.

14. On January 5, 2000, plaintiff entered Jeanne's Hospital for repair of the colostomy, referred to in Paragraph 10, _supra_.

15. Jeanne's is a private institution and not a Government hospital.

16. In January, 2000 and March, 2001, plaintiff underwent additional colonoscopies at a private facility.

17. Plaintiff complains of ongoing abdominal pain and discomfort.

18. Plaintiff's ongoing abdominal pain and discomfort are caused by medical problems unrelated to the colonoscopy, including ulcerative esophagitis, gastric ulcers, gastritis, erosive duodenitis, and diverticulosis.

19. The incisional hernia which was repaired at a private hospital in July, 2000 was not caused by the perforation of his colon during the subject procedure, but rather inadequacies in the repair of the colostomy at a private facility.

II. PROPOSED CONCLUSIONS OF LAW

1. Prior to the subject procedure, defendant disclosed to plaintiff all of the material facts that a reasonably prudent patient would require to make an informed decision with regard to that procedure. Hohns v. Gain, 2002 WL 1796818 (Pa. Super. 2002); 40 P.S. §1301.811-A(b).

2. Having determined that the risks of the procedure were not a substantial factor in plaintiff's decision to go forward with the procedure on September 24, 1999, the Court concludes, as a matter of law, that the alleged failure of informed consent, if any, was not the proximate cause of plaintiff's injuries. Hohns v. Gain, 2002 WL 1796818 (Pa. Super. 2002); 40 P.S. §1301.811-A(d).

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____
VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division

_____
RICHARD M. BERNSTEIN (PA. #23044)
Assistant United States Attorney
615 Chestnut Street Suite 1250
Philadelphia PA 19106-4476
(215) 861-8334
(215) 861-8349 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Proposed Findings of Fact and Conclusions of Law were served by hand, this 11th of March, 2003, on:

> David S. Dessen, Esquire
> Dessen, Moses & Sheinoff
> 1814 Chestnut Street
> Philadelphia PA 19103

_____
RICHARD M. BERNSTEIN
Assistant United States Attorney