IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
x----------------------------x
DAVID J. EDDIS,              :
                             :
          Plaintiff          :
                             :
     v.                      : CIVIL ACTION NO. 02-3604
                             :
UNITED STATES OF AMERICA,    :
                             :
          Defendant          :
x----------------------------x
```

### O R D E R

AND NOW, this          day of March, 2003, upon consideration of plaintiff's motion <u>in limine</u>, and the memoranda and other materials submitted in support thereof and in opposition thereto, IT IS HEREBY ORDERED that the motion is DENIED.

```
                              _____
                              STEWART DALZELL
                              UNITED STATES DISTRICT JUDGE
```

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA

x-----------------------------x
DAVID J. EDDIS,               :
                              :
          Plaintiff           :
                              :
     v.                       :  CIVIL ACTION NO. 02-3604
                              :
UNITED STATES OF AMERICA,     :
                              :
          Defendant           :
x-----------------------------x
```

## GOVERNMENT'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S IN LIMINE MOTION

Plaintiff has moved <u>in limine</u> to exclude any and all evidence of six of his colonoscopies, four of which preceded the subject procedure, and two of which were subsequent to it. Contrary to plaintiff's contention, this evidence is germane to the matter at hand for several reasons, including but hardly limited to his knowledge of the risks of the procedure.

First, plaintiff's history of preventative screening shows his awareness of the need for such procedures and the importance which he attaches to them. In his deposition, he testified that he was undergoing a colonoscopy on an annual basis, because of, as he understood it, his age and a family history of colon cancer. In addition, the attending physician removed polyps on several occasions, further indicating a need for regular such procedures, as the Government's expert points out in her report.

Second, the record reflects, and the parties have agreed in their stipulated facts, that after the subject

incident, plaintiff had two more colonoscopies, in January, 2000 and March, 2001.  Thus, it is abundantly clear that plaintiff is determined to continue these procedures, as prescribed by his physicians.  This is so, precisely because in his particular case, the importance of the colonoscopy and the gravity of the disease it is intended to detect significantly outweigh the risks, including perforation <u>which he had already suffered</u>.

Under applicable Pennsylvania law, plaintiff must show -- not that he would have chosen differently, if he had possessed the information he claims he did not receive -- but rather that it would have been a "substantial factor" in his decision-making process, 40 P.S. §1301.811-A(d).[1]  However, as the Pennsylvania Superior Court stated in <u>Hohns v. Gain</u>, 806 A.2d 16 (Pa. Super. 2002), that "the risks and alternatives are one consideration among a number of other factors, . . . , does not automatically satisfy this requirement":

> [I]f other factors completely dominate the
> patient's decision to proceed with a proced-
> ure, this lack of information cannot be deemed
> substantial.

<u>Hohns</u>, <u>supra</u>, 816 A.2d at 20, <u>citing</u> <u>Jeter v. Owens-Corning Fiberglas Corp</u>., 716 A.2d 633, 637 (Pa. Super. 1998).

This is the case here.  The number of colonoscopies which plaintiff has had makes quite clear that he is prepared to

---

[1] This statute, although repealed and re-codified at 40 P.S. §1303.540(d)(1) in March, 2001, was effective at the time of the subject incident.  See <u>Hohns v. Gain</u>, 816 A.2d 16, 19-20 n.2 (Pa. Super. 2002).

undergo the procedure repeatedly, for good and sufficient reasons, and that the risks play a very small role in his thought process, if indeed any at all.  In short, the evidence is not only highly probative, but in addition it is fatal to plaintiff's causation case.  See, e.g, Hohns, supra, 816 A.2d at 16 (in light of family history of breast cancer, suspicious mammography, and plaintiff's desire to be "100% certain" that she did not have breast cancer, risks of and alternatives to breast biopsy could not have been "substantial factor").

Third, in at least two of the earlier instances, plaintiff signed an informed consent, indistinguishable from the document he executed on September 24, 1999, which expressly identified perforation as a risk and noted other alternatives, such as declining to go forward with the test.  This evidence certainly suggests that plaintiff was no stranger to the procedure, that the risks had previously been called to his attention, and that, again, the importance of the screening overwhelmed all other considerations.

Nonetheless, plaintiff asks that all such evidence be excluded, placing his principal reliance on Bey v. Sacks, 789 A.2d 232 (Pa. Super. 2001).  Even assuming (without conceding) that Bey supports an application for some relief, it hardly justifies the sweeping request in plaintiff's instant motion.

For one thing, Bey says nothing at all about the relevance of other procedures to the issue of causation, as urged above.  Thus, on its face, plaintiff's invocation of Bey to

preclude any and all evidence of other procedures is simply overbroad.

Moreover, it not clear, in Bey, that plaintiff was ever advised, orally or in writing, of the risk of the dental procedure at issue, i.e., nerve irritation. He signed a "consent" form, but the court's opinion does not specify what the form contained about the risks of the procedure, if anything, 789 A.2d at 235. In addition, plaintiff's expert was allowed to opine, over defendant's objection, that nerve irritation was a "significant and material risk", testimony which would have been superfluous, if in fact the risk had been disclosed, id. at 237.

Finally, while defendant argued in Bey that plaintiff had knowledge of the risk "as a result of past experience with dental extractions", id. at 240, it was not clear just what that experience was, nor the extent of the knowledge that plaintiff may have derived from it. Indeed, this very uncertainty caused the court to write:

> We decline, in the absence of far more compelling evidence than appears on the record before us, to attribute to Mr. Bey any pre-existing level or depth of knowledge or understanding of the risks of the procedure.

789 A.2d at 240 (emphasis supplied), citing Sauro v. Shea, 390 A.2d 259, 264 n.3 (Pa. Super. 1978)(decedent's consent not necessarily valid simply because she had recently undergone similar procedures; the past procedures were more limited in scope than one at issue; and no evidence was presented at trial

4

regarding any specific information provided to decedent in connection with past procedures).

The case at hand is significantly different from <u>Bey</u>. Here, it is not disputed that plaintiff had had the precise same procedure, on an annual basis, in the four years preceding the subject incident. Furthermore, it is uncontested that on two of those occasions, at least, he signed an informed consent document, expressly identifying perforation as a risk, the materiality of which is not in dispute here. In short, the record here contains none of the uncertainties and ambiguities which troubled the court in <u>Bey</u> and permits an inference that plaintiff was well informed of the risks he would encounter. In

Finally, plaintiff misconstrues the thrust of Dr. Schiller's expert opinion. In line with her report, she will opine, <u>not</u> what Mr. Eddis' thought processes were or hypothetically might have been, but rather (a) the necessity of the procedure in light of his family and personal medical history, and (b) her experience that comparably situated patients are compliant with recommendations for screening.

The Government respectfully submits that both points will assist the Court in deciding whether, assuming (without conceding) that Mr. Eddis was not informed of the risk of perforation, it would have been a "substantial factor" in his decision to go forward. Accordingly, the anticipated expert testimony should be permitted.

**CONCLUSION**

      For the foregoing reasons, the Government respectfully asks that the instant <u>in limine</u> motion be denied.

                                 Respectfully submitted,

                                   PATRICK L. MEEHAN
                                   United States Attorney

                                 _____
                                 VIRGINIA A. GIBSON
                                 Assistant United States Attorney

>	RICHARD M. BERNSTEIN (PA. #23044)
>	Assistant United States Attorney
>	615 Chestnut Street Suite 1250
>	Philadelphia PA 19106-4476
>	(215) 861-8334
>	(215) 861-8349 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Brief in Opposition to Plaintiff's Motion <u>In Limine</u> was served by hand, this 11th day of March, 2003 on:

>	David S. Dessen, Esquire
>	Dessen, Moses & Sheinoff
>	1814 Chestnut Street
>	Philadelphia PA 19103

7

```
                              _____
                              RICHARD M. BERNSTEIN
                              Assistant United States Attorney
```