```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| DAVID J. EDDIS | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. 02-3604 |

ORDER

AND NOW, this 14th day of March, 2003, upon consideration of plaintiff's motion in limine, the Government's response thereto, and plaintiff's reply, and the Court finding that:

(a)  In its pretrial submission, the Government indicated that it intends to introduce into evidence the fact that plaintiff David Eddis underwent colonoscopies before and after the procedure at issue in this case as well as consent forms that Eddis signed on some of those occasions;

(b)  The Government also intends to offer the expert testimony of Dr. Debbie E. Schiller, a gastroentorologist;

(c)  Eddis contends that the Government should be precluded from introducing evidence relating to his other colonoscopies as well as Dr. Schiller's testimony;

(d)  First, Eddis argues that evidence relating to his other colonoscopies is not relevant because, under Pennsylvania law, the question in an informed consent case is whether the "physician in the case at issue properly informed the plaintiff the risks and alternatives to that procedure," Pl.'s Mot. at 4, quoting Bey v. Sacks, 789 A.2d 232, 240 (Pa. Super. 2001);

(e) We acknowledge that, absent "compelling evidence" that would enable us to attribute to Eddis "any pre-existing level or depth of the procedure," Bey v. Sacks, 789 A.2d 232, 240 (Pa. Super. 2001), evidence concerning the other colonoscopies is not relevant to the question whether Dr. Judge properly informed Eddis of the risks and alternatives to a colonoscopy on September 24, 1999;

(f) Here, however, there is such "compelling evidence" because it is undisputed that Eddis underwent two earlier colonoscopies at the V.A. Hospital, prior to which he signed (as here) documents discussing the risk of a perforated colon[1];

(g) We therefore conclude that, at minimum, evidence relating to the two prior colonoscopies at the V.A. Hospital would be admissible;

(h) In addition, evidence relating to all of Eddis's prior and subsequent colonoscopies is admissible because it is highly relevant to the causation issue in this case, i.e., whether the information that Dr. Judge allegedly failed to provide Eddis would have been a "substantial factor" in his decision-making process, see Hohns v. Gain, 806 A.2d 16, 21 (Pa. Super. 2002);

---

1. In Bey, by contrast, it was apparently unclear what prior dental extractions the plaintiff had undergone or the disclosures regarding risks and alternatives that other dentists had provided. 789 A.2d at 240.

      (i)  Eddis next argues that the testimony of the Government's expert, Dr. Debbie E. Schiller, is irrelevant and unfairly prejudicial because she has never met Eddis and "has no more insight into Mr. Eddis' decisionmaking process than the proverbial man on the moon," Pl.'s Mot. at 7;

      (j)  The Government responds that Dr. Schiller will <u>not</u> opine on what Eddis's thought processes were or hypothetically might have been and that she will limit her testimony to two issues:  (1) the necessity of the colonoscopy in light of Eddis's family and personal medical history; and (2) her experience that comparably-situated patients comply with recommendations for screening, Govt.'s Resp. at 5;

      (k)  We find that Dr. Schiller's testimony will be relevant and not unfairly prejudicial provided that it is limited to the two above-described issues;

      It is hereby ORDERED that, for the foregoing reasons, plaintiff's motion in limine is DENIED.

                                      BY THE COURT:

                                      _____
                                      Stewart Dalzell, J.