```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DAVID J. EDDIS                  :       CIVIL ACTION
                                :
    v.                            :
                                :
UNITED STATES OF AMERICA        :       NO. 02-3604

<u>MEMORANDUM</u>

Dalzell, J.                                     March 19, 2003

        In this medical malpractice case, plaintiff David Eddis sues the United States of America for failing to obtain informed consent before performing a colonoscopy at the Veterans Administration Hospital in Philadelphia on September 24, 1999. We yesterday held a nonjury trial limited to the question of liability,[1] and the following will constitute our findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a).[2]

<u>Findings of Fact</u>

        Most of the facts here are undisputed.

        David J. Eddis was born on April 13, 1925, and thus was seventy-four years old when, on September 24, 1999, he underwent a routine colonoscopy at the Veterans Administration Hospital in West Philadelphia.  Dr. Thomas M. Judge performed the procedure.

        Before September 24, 1999, Mr. Eddis had had colonoscopies on an annual basis in each of the preceding four years.  On three of these four prior occasions, the physicians

---

1.  We granted plaintiff's unopposed request to bifurcate.

2.  We have jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

found at least one polyp and removed it. The Eddis family has, all agree, a family history of colon cancer.

On at least two of the prior occasions, Mr. Eddis signed a document that the VA Hospital provided him. Gov't. Exs. 1 and 2. This document disclosed the risks associated with a colonoscopy, including the risk of a perforated colon. On September 24, 1999, Mr. Eddis again signed such a document, which also set forth the risk of a perforated colon, in identical language with the earlier forms:

> Major risks: Major complications from colonoscopy are rare: approximately 3 per 1000 examinations. If polyps have to be removed, the risks are higher: 2 per 100. Risks include: Perforation (tear) . . . .

Gov't. Ex. 3.

It will be noted that perforation is the first risk listed. This is because, as Dr. Judge and the Government's expert testified, perforation is the most serious risk in terms of incidence at the hands of the gastroenterologist and in terms of gravity -- patients can and do die of perforations.

On the day of the procedure at issue here, Dr. Judge perforated Mr. Eddis's colon. Immediately thereafter, the Hospital admitted Mr. Eddis for a colostomy to repair the perforation. The VA Hospital discharged him on October 15, 1999.

As it turns out, on January 5, 2000, Mr. Eddis entered Jeanes Hospital for repair of the colostomy. Jeanes, being a private institution, is not affiliated with the Government. Jeanes Hospital discharged Mr. Eddis on January 10, 2000.

Six months later, on July 14, 2000, Mr. Eddis again entered Jeanes Hospital for repair of a hernia at the site of the colonoscopy incision. He was discharged the same day.

It is also undisputed that in January of 2000 and in March of 2001, Mr. Eddis also underwent additional colonoscopies elsewhere than the VA Hospital. He complains of ongoing abdominal pain and discomfort.

The parties sharply dispute whether Dr. Judge in fact disclosed the risk of a perforated colon before the September 24, 1999 procedure. The only two witnesses to the discussion -- Mr. Eddis and Dr. Judge -- diverge in their accounts.

Although he acknowledged that it was indeed his signature on the consent form, Mr. Eddis testified that he "had no recollection whatsoever" of any discussion of any kind with Dr. Judge. On Mr. Eddis's account, Dr. Judge merely came into the examination room, introduced himself, and silently began the procedure.

By contrast, Dr. Judge credibly testified that it was his invariable practice to give an oral disclosure of risk <u>before</u> allowing the patient to sign the consent form. We credit his testimony that he has a "standard speech" on risk factors, and he concludes that "standard speech" with a discussion of the perforation risk. He ends his speech this way in order to give the perforation risk the prominence it deserves, because it is, on his testimony, the "most serious risk" a colonoscopy patient

3

faces. That is to say, it is "most serious" in the sense that perforation can be fatal.

Dr. Debbie Schiller, the Government's expert on gastroenterology, confirmed that perforation is "the number one risk" at the hands of the treating gastroenterologist. She confirmed that perforations can indeed cause death.

On this record, the credibility contest is not close. It is inconceivable that (accepting Mr. Eddis's account) Dr. Judge would, in effect, commit a battery by going ahead with a highly invasive procedure after merely saying "Good afternoon, I'm Dr. Judge" to the patient. As it seems beyond medical question that perforation is the major risk of this procedure, we credit Dr. Judge's testimony that he in all cases orally identifies that specific risk and never delegates the disclosure to anyone else. We also credit his testimony that he rehearses these risks before the patient signs any consent form.

We therefore conclude that Dr. Judge informed Mr. Eddis of the risk of perforation, and did so before Mr. Eddis signed the consent form that specifically and prominently listed that risk.

It is also worth stressing that Mr. Eddis was well aware of the risks associated with colon cancer. He testified that his brother died of colon cancer about twenty years ago, and that his sister died of the same cause about ten years ago. Mr. Eddis acknowledged that in prior colonoscopies that three, then two, then one polyp was found and removed.

4

Dr. Schiller testified that those polyps had "high grade dysplasia", which is a pre-cancerous condition, <u>before</u> September, 1999.  Indeed, Dr. Schiller confirmed Dr. Judge's testimony that family history of this kind is the primary factor on the risk of colon cancer.

<u>Conclusions of Law</u>

To succeed on an informed consent claim under Pennsylvania law,[3] the plaintiff must establish that:

> (1)  The doctor failed to disclose all material facts before obtaining [the patient's] consent to a particular medical procedure; and
>
> (2)  This undisclosed information "would have been a substantial factor in the patient's decision whether to undergo [the] procedure."

<u>Hohns v. Gain</u>, 806 A.2d 16, 19 (Pa. Super. 2002), <u>quoting</u> 40 P.S. § 1301.811-A, <u>repealed by</u> 40 P.S. § 1303.504(d).[4]  We consider these two <u>Hohns</u> prerequisites in turn.

1.   <u>Failure to disclose all material facts</u>

The Government contends that the circumstance of Mr. Eddis's prior colonoscopies, where he indisputedly signed identical consent forms, demonstrates that his consent on September 24, 1999 was, in fact, "informed".

---

3.  The parties agree that Pennsylvania law supplies the rule of decision in this case, and we can see no reason to hold otherwise.

4.  As in <u>Hohns</u>, 40 P.S. § 1301.811-A was in effect at the time of Mr. Eddis's procedure in 1999.

Absent guidance from the Pennsylvania Supreme Court, we note that the Pennsylvania Superior Court has not laid down a bright line rule on the issue of whether informed consent to prior procedures can serve as a proxy for full disclosure at a later time.  In Bey v. Sacks, 789 A.2d 232 (Pa. Super. 2001). The defendant sought to cross-examine the plaintiff about his "previous numerous dental extractions," but the trial court refused to permit it.  In affirming that ruling, the Superior Court held:

> We decline, in the absence of far more compelling evidence than appears on the record before us, to attribute to Mr. Bey any pre-existing level or depth of knowledge or understanding of the risks of the procedure. See Sauro v. Shea, 257 Pa.Super. 87, 99, 390 A.2d 259, 264 n.3 (1978) (holding, in a dental malpractice claim, that the decedent's consent was not necessarily valid simply because she recently had undergone similar procedures, the past procedures were more limited in scope than the one at issue, and no evidence was presented at trial regarding any specific information provided to decedent in connection with the past procedures).

Id. at 240.

The Superior Court in Bey went on to discuss the risk that allowing testimony on the practices of the plaintiff's earlier doctors would confuse the jury as to the ultimate question, to wit, whether the physician-defendant properly informed the patient of the risks of the alternative to the subject procedure.  Id.

It seems to us that Mr. Eddis's case may be one of those rare cases that present the "far more compelling evidence"

6

that Bey hypothesized. He underwent four earlier colonoscopies that were, as far as the record shows, identical to that performed in September of 1999.[5]  Two of them were done at the same VA Hospital, and he signed identical consent forms at least twice.  He had pre-cancerous polyps removed, and given his family history of colon cancer, this was (understandably) a subject of grave concern to him.

Given Mr. Eddis's experience with the identical procedure, we take him at the word he affirmed when he signed the consent form on September 24, 1999.  He was told, orally and in writing, about the risk of perforation before undergoing the procedure with Dr. Judge, whose testimony we credit.

### 2.   Substantial Factor Analysis

Alternatively, we also hold that, even if undisclosed, the risk of perforation would not have been a substantial factor in Mr. Eddis's decision as to whether to undergo the colonoscopy. As the Pennsylvania Superior Court put it in Hohns:

> the patient need not show that []he would
> have chosen differently had []he possessed
> the information...  The fact that the risks
> and alternatives are one consideration among
> a number of other factors, however, does not
> automatically satisfy this requirement. . . .
> [I]f other factors completely dominate the
> patient's decision to proceed with a
> procedure, this lack of information cannot be
> deemed substantial.

---

5. By contrast, in Bey it was apparently unclear what prior dental extractions the plaintiff had undergone or the disclosures regarding risks and alternatives that other dentists had provided.  789 A.2d at 240.

Hohns, supra, 806 A.2d at 20 (emphasis added).

Here, Mr. Eddis's prior and subsequently conducted colonoscopies demonstrate that "other factors completely dominate[d]" his decision in September of 1999 to proceed with the procedure with Dr. Judge. As noted earlier, it is undisputed that he has a family history of colon cancer. His own experience with pre-cancerous polyps confirmed for him that he had the same genetic propensity that led to the deaths of his brother and sister. Mr. Eddis thus sensibly chose to have annual colonoscopies to detect and remove polyps. It is also unsurprising, given this personal and family history, that he continued to undergo colonoscopies even after the perforation he suffered in September of 1999.

Mr. Eddis's case is therefore in all material respects indistinguishable from Hohns. There the plaintiff failed the substantial factor test because she had a family history of breast cancer. She also testified that she wanted to be "100% certain" that she did not have breast cancer. She therefore went ahead with the excisional biopsy that was the subject of her suit. Id. at 21.

We will therefore enter judgment in favor of the Government and against Mr. Eddis.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID J. EDDIS                  :       CIVIL ACTION
                                :
     v.                         :
                                :
UNITED STATES OF AMERICA        :       NO. 02-3604
```

JUDGMENT

      AND NOW, this 19th day of March, 2003, after a nonjury trial in this matter on March 18, 2003, and upon the findings of fact and conclusions of law set forth in the accompanying Memorandum, JUDGMENT IS HEREBY ENTERED in favor of defendant United States of America and against plaintiff David J. Eddis, with costs on the plaintiff.

BY THE COURT:

_____
Stewart Dalzell, J.